IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DANIEL RAY HECKLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:03-CV-155-C |
| UNITED STATES OF AMERICA, | ) | (1:01-CR-081-C) |
| | ) | |
| Respondent. | ) | ECF |

## ORDER

Petitioner, Daniel Ray Heckler, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Government filed an answer, together with relevant records, and Petitioner filed a response.

Petitioner was charged by a federal grand jury on December 12, 2001, in 18 counts of a 29-count indictment. Count One charged Petitioner with conspiracy to commit odometer fraud and interstate transportation of fraudulent securities, in violation of 18 U.S.C. § 371, 49 U.S.C. §§ 32703(2) and 32709(b), and 18 U.S.C. § 2314. Count Two charged him with transportation of fraudulent securities, and aiding and abetting, in violation of 18 U.S.C. §§ 2314 and 2. Counts Three, Four, Six, Eight, Nine, Ten, Twelve through Seventeen, Nineteen, Twenty, Twenty-seven, and Twenty-eight charged Petitioner with odometer fraud and aiding and abetting, in violation of 49 U.S.C. §§ 32703(2) and 32709(b) and 18 U.S.C. § 2. Petitioner was advised at his initial appearance and arraignment that the maximum penalty he faced on the charges was 70 years in prison, a fine of $4,500,000, and three years' supervised release.

Petitioner entered a plea of guilty to Count One on February 28, 2002. He was sentenced on May 24, 2002, to 24 months' incarceration and a three-year term of supervised release. He was ordered to pay $52,442 in restitution. The remaining 17 counts were dismissed.

Petitioner's § 2255 motion was denied on April 5, 2004. Petitioner appealed the denial and the United States Court of Appeals for the Fifth Circuit granted a certificate of appealability on the issue of whether Petitioner's counsel was ineffective for failing to file a notice of appeal. On February 3, 2006, the Court of Appeals vacated the denial of Petitioner's § 2255 motion and remanded the case to this Court for an evidentiary hearing on his claim that he instructed counsel to file a notice of appeal.

The § 2255 motion was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). An attorney was appointed to represent Petitioner and an evidentiary hearing was held on April 28, 2006. The Magistrate Judge filed Findings of Fact and Conclusions of Law on June 23, 2006. The Magistrate Judge found that Petitioner did not request his attorney to file a notice of appeal in his criminal case and Petitioner was not prejudiced by the attorney's failure to file a notice of appeal. Petitioner, through counsel, filed objections on July 3, 2006.

The undersigned United States District Judge has made an independent examination of the record in this case and has examined the findings, conclusions, and recommendation of the Magistrate Judge and Petitioner's objections.

Based upon this Court's independent examination of the record of the evidentiary hearing and after considering the objections filed by Petitioner, the Court finds that Petitioner's objections should be overruled and the Magistrate Judge's findings, conclusions and recommendation should be adopted and accepted.

It is, therefore, ORDERED that Petitioner's § 2255 motion is denied.

Judgment shall be entered accordingly.

Any pending motions are denied.

The appointment of Charles Scarborough, Attorney at Law, who was appointed to represent Petitioner for purposes of the evidentiary hearing, is terminated as of the date of this Order. Attorney Scarborough shall file his request for payment of attorneys' fees and expenses within thirty (30) days from the date of this Court.

The Clerk shall mail a copy of this Order to Petitioner, attorney Charles Scarborough, and the Respondent's attorney of record.

Dated August 23, 2006.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT